IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI)

This Document Relates to:

          :         Civil Action No.  MDL 875

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
File No.:

## CIVIL ACTION COMPLAINT

|  |  |  |
|---|---|---|
| Robert Wesley Miller and Jane E. Miller, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| 3M Company a/k/a Minnesota Mining & | : | |
|   Manufacturing Company; | : | |
| AGCO Corporation f/k/a Allis Chalmers Company; | : | |
| Alfa Laval, Inc. (sued individually and as successor-in- | : | |
|   interest to Sharples Corporation); | : | |
| Armstrong International, Inc.; | : | |
| Blackmer Pump Company; | : | |
| Borg-Warner Morse Tec, Inc. (sued individually | : | |
|   and as successor-in-interest to Borg-Warner | : | |
|   Corporation); | : | |
| Cameron International Corporation f/k/a Cooper | : | **JURY TRIAL DEMANDED** |
|   Cameron Corporation (sued individually and as | : | |
|   successor-in-interest to The Cooper Bessemer | : | |
|   Corporation); | : | |
| Carlisle Industrial Brake & Friction; | : | |
| Caterpillar, Inc.; | : | |
| CNH America LLC (sued individually and as | : | |
|   successor-in-interest to International Harvester | : | |
|   Company); | : | |
| Crane Co. (sued individually and as successor-in- | : | |
|   interest to Cochrane Corporation and Chapman | : | |
|   Valve Company); | : | |
| Crane Environmental, Inc. (sued individually and as | : | |
|   successor-in-interest to Cochrane Corporation); | : | |
| Crown Cork & Seal Company, Inc. (sued individually | : | |

1

and as successor in interest to Mundet Cork
    Company);                                                     :

Cummins, Inc.;  :

Dana Companies LLC f/k/a Spicer Manufacturing
    Company (sued individually and as successor-in-
    interest to Victor Gasket Manufacturing Company);

Deere & Company d/b/a John Deere;

Dover Corporation (sued as successor to
    Blackmer Pump Co.);

Eaton Corporation;

FMC Corporation (sued individually and as successor-in-
    interest to Northern Pump Company f/k/a Northern
    Fire Apparatus Company and to Stearns Company);

Ford Motor Company;

Formosa Plastics Corporation U.S.A  (sued individually
    and as parent, alter ego and successor-in-interest to
    J-M Manufacturing Company and to J-M A/C Pipe
    Corporation);

General Electric Company;

Genuine Parts Company d/b/a National Automotive
    Parts Association (aka NAPA);

Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation;

The Goodyear Tire & Rubber Company (sued
    individually and successor-in-interest to Durabla
    Manufacturing Company);

Goulds Pumps, Inc.;

Hennessy Industries, Inc.;

Honeywell International, Inc. f/k/a Allied-Signal, Inc.
    (sued as successor-in-interest to Bendix
    Corporation);

Hopeman Brothers Inc.;

IMO Industries, Inc. (sued individually and as successor-
    in-interest to Delaval Turbine, Inc. and to C.H.
    Wheeler Manufacturing Company);

Ingersoll Rand Company;

ITT Corporation f/k/a ITT Industries, Inc. (sued
    individually and as successor-in-interest to Foster
    Engineering Company);

J-M Manufacturing Company (sued individually and as
    parent and alter ego to J-M A/C Pipe Corporation;

J.T. Thorpe & Son, Inc.);

Kelsey-Hayes Company (sued individually and as
    successor-in-interest to Freuhauf Trailer);

Maremont Corporation (sued individually and as
    successor-in-interest to Grizzly Manufacturing
    Company);

M. Slayen and Associates, Inc.;

2

McNally Industries, LLC (sued individually and as
    successor-in-interest to Northern Fire Apparatus
    Company);
Metropolitan Life Insurance Company;
NACCO Materials Handling Group, Inc. (sued
    individually and as successor-in-interest to Hyster
    Company and Yale Materials Handling
    Corporation);
Navistar, Inc. f/k/a International Truck and
    Engine Company;
Paccar, Inc. d/b/a Kenworth Truck Company
    and Peterbilt Truck Company;
Parker-Hannifin Corporation (sued individually and as
    successor-in-interest EIS Automotive Corporation);
Pneumo Abex LLC (sued as successor-in-interest
    to Abex Corporation);
RT Vanderbilt Company, Inc. (sued individually
    and as successor-in-interest to International Talc
    Company);
Union Carbide Corporation;
Warren Pumps, LLC;
Weir Valves & Controls USA, Inc. f/k/a
    Atwood & Morrill;
The William Powell Company;
Yarway Corporation;

          Defendants.

## CIVIL ACTION COMPLAINT

Plaintiffs Robert Wesley Miller and Jane E. Miller sue the above-named Defendants for compensatory and punitive damages and allege:

1.     This action is appropriate for inclusion in the coordinated proceeding as an asbestos related action. This action is further appropriate for treatment as a "tag-along" action as required by 28 U.S.C. 1407, given the transfer of asbestos-related personal injury actions by the Judicial Panel on Multi-District Litigation to the Eastern District of Pennsylvania.

## PARTIES

2.     Plaintiffs Robert Wesley Miller and Jane E. Miller are citizens and residents of the County of Cumberland, State of North Carolina.

3.     Plaintiffs bring this action for monetary damages as a result of Plaintiff Robert Wesley Miller contracting an asbestos-related disease. Plaintiff Robert Wesley Miller was diagnosed with mesothelioma on or about February 27, 2012.

4.     Plaintiff Robert Wesley Miller's exposure to asbestos and/or asbestos-containing products occurred during his employment at the sites listed on the attached Schedule I, which is incorporated by reference herein.

5.     At all times pertinent hereto, the Defendants acted through their duly authorized agents, servants and employees, who were then and there acting in the course and scope of their employment and in furtherance of business of said Defendants.

6.     At all material times, the Defendants manufactured, distributed, sold, supplied, and/or otherwise placed into the stream of commerce asbestos and/or asbestos-containing products, materials, or equipment either directly or indirectly to Plaintiff Robert Wesley Miller's employers or to such other entities so that these materials were caused to be used at the Plaintiff Robert Wesley Miller's job sites.

7.     At all material times, the Defendants, Metropolitan Life Insurance Company, Formosa Plastics Corporation U.S.A., J-M Manufacturing Company and J-M A/C Pipe Corporation have conspired amongst themselves and/or with other Defendants to disseminate false and misleading medical and/or scientific information regarding the safety of asbestos and demonstrated a clear disregard for the health, safety and welfare of individuals such as Plaintiff Robert Wesley Miller.

4

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over the Defendants because the Defendants are duly licensed to do business in the State of North Carolina and/or at all material times are or have been engaged in business in the State of North Carolina.

9.     Pursuant to 28 U.S.C.A. §1391, venue is proper in this judicial district because Plaintiffs reside in Fayetteville, North Carolina and/or a substantial part of the events or omissions occurred in North Carolina.

10.     Further, this Court has jurisdiction over the parties pursuant to 28 U.S.C.A. §1332 because the Plaintiffs are citizens of the State of North Carolina and none of the Defendants are citizens of the State of North Carolina.   The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

11.     Plaintiffs have satisfied all conditions precedent to the filing of this action.

12.     All of the named Defendants listed on the caption are foreign corporations who are amenable to jurisdiction in the courts of North Carolina by virtue of their respective conduct of substantial and/or systematic business in North Carolina which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute. Each Defendant corporation does or in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina.   Plaintiff Robert Wesley Miller was exposed to various asbestos-containing products while working at various jobs, as listed on the attached Schedule I.

5

## FIRST CAUSE OF ACTION
## NEGLIGENCE
**(Against all named Defendants except Metropolitan Life Insurance Company.)**

13.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

14.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment.

15.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by Plaintiff Robert Wesley Miller.

16.     Throughout the course of his employment, Plaintiff Robert Wesley Miller worked with and was exposed to the asbestos and asbestos-containing materials, products or equipment mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most of the exposure being within the State of North Carolina.

17.     During the course and scope of his employment, Plaintiff Robert Wesley Miller was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as mesothelioma.

18.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture and sell products that were not unreasonably dangerous or defective and/or a duty to warn Plaintiff Robert Wesley Miller and foreseeable users of said products of the dangers and

6

defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

19. Plaintiff Robert Wesley Miller, whose livelihood was dependent upon the work that he did for the various employers listed in Schedule I, was required to work with and around asbestos and/or asbestos-containing products, materials or equipment that manufactured, processed, distributed, supplied and/or sold by Defendants. Defendants knew or should have known that persons employed as Plaintiff Robert Wesley Miller would be required to and would come into contact with and would work in close proximity to said products.

20. Plaintiff Robert Wesley Miller sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff Robert Wesley Miller's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff Robert Wesley Miller's body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff Robert Wesley Miller would not know of such danger to his health.

21. Plaintiff Robert Wesley Miller's illness and/or disabilities are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment were deleterious,

poisonous, and highly harmful to Plaintiff Robert Wesley Miller's body, lungs, respiratory system, skin, and health.

22. Defendants breached their duties and were negligent in the following acts and/or omissions:

    (a)    Failed to advise Plaintiff Robert Wesley Miller of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

    (b)    Failed or omitted to provide the Plaintiff Robert Wesley Miller with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

    (c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

    (d)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

    (e)    Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff Robert Wesley Miller of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

    (f)    Did not recommend methods to improve the work environment;

    (g)    Did not develop alternative products;

    (h)    Continued to use a known cancer-causing product, to-wit: asbestos; and

    (i)    After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform Plaintiff Robert Wesley Miller of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

23. Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the

8

risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

24. Ford specifically designed its braking systems for asbestos containing brake linings such that no other material could be utilized as brake linings in those systems.

25. Defendants were negligent and breached their duty of due care to Plaintiff Robert Wesley Miller by taking or failing to take the actions as previously alleged to avoid harm to Plaintiff Robert Wesley Miller and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment at issue in the stream of commerce.

26. The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment and the resulting injuries and damages to Plaintiff Robert Wesley Miller were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

27. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff Robert Wesley Miller developed mesothelioma, as a consequence of which, through no fault of his own, he was severely injured, disabled and damaged.

28. As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

<div align="center">

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**(Against all named Defendants except Metropolitan Life Insurance Company)**

</div>

29. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

30. The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

31. The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein Plaintiff Robert Wesley Miller carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

32. As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff Robert Wesley Miller developed an illness, to-wit: mesothelioma.

33. As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

### THIRD CAUSE OF ACTION
### WILLFUL AND WANTON CONDUCT
**(Against all named Defendants except Metropolitan Life Insurance Company)**

34. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

35. Plaintiff Robert Wesley Miller and others in his position worked in close proximity to the asbestos and asbestos-related materials use or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff Robert Wesley Miller's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

36. The Defendants have known or should have known since at least 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of Plaintiff Robert Wesley Miller and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to

10

deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiff Robert Wesley Miller was severely damaged as is set forth below.

37. The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure from 1929 through 1970's, thus denying Plaintiff Robert Wesley Miller the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, cessation of smoking, and avoidance of further dust exposure. Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a) failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b) failure to issue recall type letters to prior users;

(c) frustrating the publication of articles and literature from the 1930's through at least 1976;

(d) rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e) delaying the use of and/or providing intentionally inadequate warnings on asbestos products.

38. The acts and omissions of each of the Defendants as hereinabove set forth were intentional, willful and wanton, done with willful disregard of the safety of Plaintiff Robert Wesley Miller and others similarly situated at a time when each of the Defendants had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment upon the body of human beings, including Plaintiff Robert Wesley Miller and others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and

11

would be used in the future to the detriment of the health of Plaintiff Robert Wesley Miller and others similarly situated, and Plaintiffs are thereby entitled to punitive damages.

39.    Accordingly, as a result of the Defendants' conduct which was conducted willfully, wantonly and with malice, and was grossly negligent and in total disregard for the health and safety of the user or consumer, such as Plaintiff Robert Wesley Miller, Plaintiffs therefore seek exemplary and punitive damages against Defendants to punish the Defendants for their actions, which were willful, wanton, gross, with malice, and in total disregard of the health and safety of the users and consumers of their products.

<div align="center">

**FOURTH CAUSE OF ACTION**
**FALSE REPRESENTATION/FRAUD**
**(Against all Defendants except Metropolitan Life Insurance Company)**

</div>

40.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

41.    During, before, and after Plaintiff Robert Wesley Miller's exposure to asbestos products manufactured, installed or otherwise used by Defendants, the Defendants falsely represented facts, including the dangers of asbestos exposure, to Plaintiff Robert Wesley Miller in the particulars alleged in the paragraphs above, while Defendants each had actual knowledge of said dangers of asbestos exposure to persons such as Plaintiff Robert Wesley Miller, and while Defendants each knew of the falsity of their representations and/or made the representations in reckless disregard of their truth or falsity.

42.    The foregoing representations were material conditions precedent to Plaintiff Robert Wesley Miller's continued exposure to asbestos-containing products, and Defendants each intended that Plaintiff Robert Wesley Miller act upon the representations by continuing his exposure to the asbestos products. Plaintiff Robert Wesley Miller was ignorant of the falsity of Defendants' representations and rightfully relied upon the representations.

43.    As a direct and proximate result of Plaintiff Robert Wesley Miller's reliance upon Defendants' false representations and fraud, Plaintiff Robert Wesley Miller suffered injury and

<div align="center">12</div>

damages hereinafter described and seeks recovery for compensatory and punitive damages against these Defendants.

## FIFTH CAUSE OF ACTION
### FAILURE TO WARN
**(Against all named Defendants except Metropolitan Life Insurance Company)**

44.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

45.     At all times material hereto, the Defendants knew or should have known of the harmful effects and/or dangers of working with asbestos and/or asbestos-containing products, materials, or equipment and of exposures to inhalable asbestos.

46.     Defendants had a duty to warn individuals working at Plaintiff Robert Wesley Miller's jobsites, including but not limited to Plaintiff Robert Wesley Miller, of the dangers associated with the use and/or inhalation of asbestos dust and fibers.

47.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants failed to warn and/or inadequately warned Plaintiff Robert Wesley Miller of the dangers, including but not limited to:

(a)     Failing to provide adequate cautions, warnings, and/or hazard statements and/or explanations with their products which should have been designed to provide to Plaintiff Robert Wesley Miller knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(b)     Failing to provide adequate product inserts, informative brochures, employee training literature, posters, and/or other written materials with their products which should have been designed to provide to Plaintiff Robert Wesley Miller knowledge about the hazards caused by exposure to their products and how to eliminate such hazards;

(c)     Failing to conduct on-site personnel training sessions with exposed workers which should have been designed to provide to the workers knowledge about the hazards caused by exposure to the products, and how to eliminate the hazards;

13

(d)     Failing to adequately test and research their products as to the hazards created during their use and failed thereafter to provide the results of such tests and research to exposed workers such as Plaintiff Robert Wesley Miller;

(e)     Failing to inspect the workplace in which their products were being used to determine whether the products being used were deleterious to the health of exposed workers;

(f)     Failing to design, process and transport their products in a manner intended to minimize exposure during normal working conditions;

(g)     Failing to specify and market their products on the express agreement that necessary engineering controls, work practices, and other industrial hygiene controls would be implemented in conjunction with use of the products after it was known or should have been known that adequate protective measures were not being implemented;

(h)     Failing to recall their defective product or manufacture a reasonably safer alternative;

(i)     Failing to take adequate precautions and industrial hygiene measures to protect Plaintiff Robert Wesley Miller and exposed workers when installing, repairing, or tearing out asbestos and/or asbestos-containing products, materials, or equipment including, but not limited to, providing protection from dust and fibers emanating from the installation, repair, and/or removal process; failing to use local ventilation; failing to provide warnings to Plaintiff Robert Wesley Miller and workers in the facilities at issue that exposure to dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment was hazardous and carcinogenic; failing to adequately clean up debris from the installation, repair and/or removal process; failing to use wet down procedures; and/or failing to take other appropriate safety and industrial hygiene measures;

(j)     Otherwise failing to act reasonably under the totality of the circumstances.

48.     Defendants manufactured, processed and/or sold asbestos and/or asbestos-containing products, materials, or equipment to Plaintiff Robert Wesley Miller's employers, and these products were used by Plaintiff Robert Wesley Miller's various employers.   Thus, Defendants had a duty to warn individuals working at Plaintiff Robert Wesley Miller's jobsites, including but not limited to the Plaintiff Robert Wesley Miller, of the dangers associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment.

14

49.     Despite Defendants' knowledge of the harm and/or potential harm associated with the use and/or inhalation of dust and fibers from asbestos and/or asbestos-containing products, materials, or equipment, the Defendants acted unreasonably in failing to provide adequate warnings and/or instructions as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment.

50.     At the time the asbestos and/or asbestos-containing products, materials, or equipment left Defendants' control without adequate warning or instruction, Defendants created an unreasonably dangerous condition that they knew or should have known would pose a substantial risk of harm to a reasonably foreseeable claimant, such as the Plaintiff Robert Wesley Miller.  In the alternative, after the asbestos-containing products left Defendants' control, Defendants became aware of or in the exercise of ordinary care should have known that their products posed a substantial risk of harm to a reasonably foreseeable user, such as the Plaintiff Robert Wesley Miller, and failed to take reasonable steps to give adequate warning or instruction or to take any other reasonable action under the circumstances.

51.     Defendants' failure to provide adequate warnings as to the hazards associated with exposure to asbestos and/or asbestos-containing products, materials, or equipment or to provide proper instructions on the use, handling, and storage of asbestos and/or asbestos-containing products, materials, or equipment caused Plaintiff Robert Wesley Miller to develop mesothelioma as a consequence of which he was injured and damaged, and Plaintiffs hereby make a claim for damages from the Defendants jointly and severally.

52.     As a result of the Defendants' failure to warn, the Plaintiff Robert Wesley Miller suffered the injuries, illnesses, and/or damages hereinafter alleged.

## SIXTH CAUSE OF ACTION
## CONSPIRACY AND PUNITIVE DAMAGES
### Against Metropolitan Life Insurance Company, Formosa Plastics Corporation U.S.A., J-M Manufacturing Company and J-M A/C Pipe Corporation, Only

53.    Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products to which Plaintiff Robert Wesley Miller was exposed, and such assistance by METROPOLITAN LIFE aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products by such manufacturers which proximately caused Plaintiff Robert Wesley Miller's illness, injuries, and/or disabilities.

54.    In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

55.    Plaintiff Robert Wesley Miller unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE's tests and information dissemination, the results of which METROPOLITAN LIFE published in leading medical journals.

56.    As a direct and proximate contributing result of METROPOLITAN LIFE's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Robert Wesley Miller from asbestos exposure was increased, and (ii) Plaintiff Robert Wesley Miller suffered the injuries previously described.

57.    In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were

16

obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff Robert Wesley Miller. Plaintiffs seek compensatory and punitive damages against METROPOLITAN LIFE as a result.

58.     Defendants FORMOSA PLASTICS CORPORATION U.S.A. (sued individually and as parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M A/C PIPE CORPORATION) rendered substantial aid and assistance to the manufacturers and sellers of asbestos containing products manufactured by J-M A/C PIPE CORPORATION and designed, distributed and sold by J-M MANUFACTURING COMPANY(sued individually and as parent and alter ego to J-M A/C PIPE CORPORATION) and abetted the negligent manufacture and sale of those asbestos products which proximately caused Plaintiff Robert Wesley Miller 's illness, injuries and disabilities.

59.     FORMOSA PLASTICS CORPORATION U.S.A (sued individually and as parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M A/C PIPE CORPORATION) negligently supported, funded, oversaw and encouraged the manufacture and sale of asbestos containing products by J-M A/C PIPE CORPORATION and J-M MANUFACTURING COMPANY (sued individually and as parent and alter ego to J-M A/C PIPE CORPORATION) with knowledge that such products were defective and dangerous. FORMOSA PLASTICS CORPORATION U.S.A (sued individually and as parent, alter ego and successor-in-interest to J-M MANUFACTURING COMPANY and to J-M A/C PIPE CORPORATION) negligently supported, funded, oversaw and encouraged the manufacture and sale of asbestos containing products by J-M A/C PIPE CORPORATION and J-M

17

MANUFACTURING COMPANY (sued individually and as parent and alter ego to J-M A/C PIPE CORPORATION) with knowledge that a viable safer alternative product was available an already being manufactured and sold by J-M MANUFACTURING COMPANY (sued individually and as parent and alter ego to J-M A/C PIPE CORPORATION).

## DAMAGES
## LOSS OF CONSORTIUM

60.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

61.     As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff Robert Wesley Miller, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse, Jane E. Miller, has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and therefore the Plaintiff-Spouse, Jane E. Miller, is entitled to damages for her loss of consortium, both past and future.

## DAMAGES

62.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

63.     As a result of the above-alleged conduct of the Defendants, Plaintiff Robert Wesley Miller developed mesothelioma, as a consequence of which, he has been damaged as follows:

        (a)     hospital and medical expenses incidental to Plaintiff Robert Wesley Miller's illness;

        (b)     loss of earnings and future earning power of Plaintiff Robert Wesley Miller;

(e)     loss of Plaintiff Robert Wesley Miller's general health, strength, and vitality;

(c)     loss of pecuniary contributions to the heirs of Plaintiff Robert Wesley Miller;

(d)     loss of consortium, society, aid, companionship and services to the heirs of Plaintiff Robert Wesley Miller;

(e)     future loss of consortium, society, aid, companionship and services to the heirs of the Plaintiff Robert Wesley Miller;

(f)     pain and suffering of the Plaintiff Robert Wesley Miller;

(g)     all other damages recoverable under said Act.

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, false representation, failure to warn, conspiracy and other breaches of duty and willful, wanton, fraudulent and malicious conduct as alleged herein proximately caused by the fault of the Defendants. Plaintiffs pray for judgment against all Defendants for actual and punitive damages, lost wages and special damages in an amount to be determined by the trier of fact, in excess of $75,000, plus interest as provided by law and the costs of this action.

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

This 21st day of September, 2012.

<div style="margin-left:40%">

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

</div>

Robert Wesley Miller
SCHEDULE I
Plaintiff-Worker Employment History
Asbestos Exposure Worksite Information

OCCUPATIONS:

Ship's Storekeeper, Farmer, Heavy Equipment Operator and Mechanic, Laborer, Truck Driver, Auto Mechanic,Construction

| EMPLOYER/WORKSITE: | APPROXIMATE DATES: |
|---|---|
| U.S. Navy – | 1962-1964 |
|     USS Cony (DD-508) | |
|     USS Galveston (CLG-3) | |
|     Long Beach Naval Shipyard | |
|     USS Wilkinson (DL-5) | |
|     Long Beach Naval Shipyard | |
| Self - Family farm | 1957-1970 |
|     Newton, CT | |
| Miller Construction– | 1964-1967 |
|     Various construction sites in and around Connecticut | |
| Nazdam Construction | 1967-1969 |
|     Various construction sites in and around Connecticut | |
| Puglio Construction | 1969-1972 |
|     Various construction sites in and around Connecticut | |
| Monroe Concrete | 1972-1977 |
|     Various construction sites in and round Connecticut | |
| Batchelder Aluminum Smelting | 1977-1982 |
|     Newtown, CT | |
| Miller Trucking | 1982-1990 |
|     Newton, CT | |
|     Fayetteville, NC | |
| Self - repair and maintenance of personal vehicles | 1950s-1980s |
|     Newton, CT | |
| Self - repair and remodeling of personal residences | 1950s-1970s |
|     Newton, CT | |

PRODUCTS CONTAINING ASBESTOS

Air Compressors, Air Ejectors, Brakes, Cement, Clutches, Engines, Feed Tanks, Feed Water Heaters, Forklifts, Gaskets and Packing, Insulation, Joint Compound, Brake Lathes, Marinite and Micarta Board, Mufflers, Oil Purifiers, Pipe Covering, Pumps, Ship's Service Generators, Steam

21

Traps, Strainers, Tractors and Other Farm Equipment, Heavy Duty Trailers, Turbines, and Valves