UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-00620-BR

| | | |
|---|---|---|
| ROBERT WESLEY MILLER and<br>JANE E. MILLER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | **ORDER** |
| 3M COMPANY a/k/a Minnesota Mining &<br>Manufacturing Company, et al., | )<br>)<br>) | |
| Defendants. | ) | |

This cause comes before the Court upon Plaintiff Jane E. Miller's motion to substitute herself, as the personal representative of the Estate of Robert Wesley Miller, for Plaintiff Robert Wesley Miller, now deceased. (DE-168). She also seeks leave to amend the complaint to reflect his death and to add an additional cause of action for wrongful death. (DE-169). Defendants have not responded to the motions to substitute and to amend, and the time for doing so has expired. In accordance with 28 U.S.C. § 636(b)(1), the motions have been referred to the undersigned. For the reasons stated herein, the motions to substitute and to amend are granted.

Robert Wesley Miller ("Miller") and his wife, Jane E. Miller filed this case on September 21, 2012. (DE-1). Plaintiffs allege in the complaint that Miller contracted an asbestos-related disease, namely mesothelioma. Mrs. Miller alleges she has been damaged as a result of the loss of consortium of her husband. On November 9, 2012,

Miller died; Mrs. Miller was appointed personal representative of his estate on December 19, 2012. Letters Testamentary, Ex. B, DE-168-2. Mrs. Miller now seeks to substitute herself for her husband. Further, she seeks to amend the complaint to reflect his death and to add a claim for wrongful death.

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment to pleadings by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff contends that permitting the amendment will not affect the trial of this case. For good cause shown, Plaintiff's motion to amend (DE-169) is GRANTED.

Rule 25(a)(1) of the Federal Rules of Civil Procedure states that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party." The survival of causes of action is governed by N.C. Gen. Stat. § 28A-18-1: "(a) Upon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of his estate." Subsection (b) exempts only causes of action for libel and slander, false imprisonment, and "causes of action where the relief sought could not be enjoyed, or granting it would be nugatory after death." N.C. Gen. Stat. § 28-18-1(b). Further, N.C. Gen. Stat. § 28A-18-3 provides that "[a]ll actions and proceedings brought by or against personal representatives or collectors upon any cause of action or right to which the estate of the decedent is the real party in interest, must be brought by or against them in their representative capacity." Thus, the personal injury action of Robert Wesley

2

Miller survives his death and Plaintiff Jane E. Miller, as his personal representative, is the appropriate party to maintain the action, including an action for wrongful death. *See* Daniels v. Amtrak, No. 5:11-CV-290-BO, 2011 U.S. Dist. LEXIS 135038, at *3-4 (E.D.N.C. Nov. 22, 2011) (noting that in North Carolina, a wrongful death action for damages may only be brought the personal representative of the decedent). Accordingly, Plaintiff's motion to substitute (DE-168) is GRANTED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, March 12, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE