UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-00620-BR

ROBERT WESLEY MILLER and )
JANE E. MILLER, )
 )
    Plaintiffs, )
 )
v. ) ORDER
 )
3M COMPANY a/k/a Minnesota Mining & )
Manufacturing Company, et al., )
 )
    Defendants. )

This matter is before the court on: (1) the 18 October 2012 motion to dismiss filed by defendant Cummins, Inc. ("Cummins") (DE #13); (2) the 2 November 2012 motion for a hearing filed by Cummins (DE #96); (3) the 5 November 2012 motion to dismiss the cross-claim of Eaton Corporation, filed by Cummins (DE #99); (4) the 29 November 2012 motion to dismiss the cross-claim of IMO Industries, Inc., filed by Cummins (DE #143); and (5) the 29 November 2012 motion to dismiss the cross-claim of Warren Pumps, LLC, filed by Cummins (DE #144). These motions are ripe for disposition.[1]

Robert Wesley Miller, now deceased, and his wife, Jane E. Miller, ("plaintiff") filed an initial complaint in this matter on 21 September 2012.[2] Plaintiff alleges that the numerous defendants manufactured, distributed, supplied and/or sold materials, products or equipment containing asbestos to Mr. Miller's employers or others such that those materials were used at his job sites. Plaintiff asserts that occupational exposure to asbestos-containing products caused

---

[1] The Judicial Panel on Multidistrict Litigation has ceased transfer of any asbestos products liability actions filed in this district (DE #149).

[2] Mr. Miller died on 9 November 2012 (DE #168-1). His wife filed motions to substitute herself as personal representative of the estate of Mr. Miller and to amend the complaint to add a cause of action alleging the wrongful death of Mr. Miller (DE ##168, 169). Those motions were granted, and plaintiff filed an amended complaint on 20 March 2013 (DE ##191, 193). Other than the addition of a wrongful death claim and substituting Jane Miller as personal representative, the substantive content of the amended complaint mirrors that of the original complaint. The court considers Cummins's instant motions renewed as to the amended complaint.

Mr. Miller to contract the disease mesothelioma, resulting in his death. Plaintiff has asserted claims against Cummins for negligence, breach of implied warranty, willful and wanton conduct, false representation/fraud, failure to warn, wrongful death and loss of consortium. On 18 October 2012, Cummins filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded on 11 November 2012. In the exercise of its discretion, the court finds that a hearing on the motion to dismiss the complaint is not necessary.

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991); Food Lion, Inc. v. Capital Cities/ABC, Inc., 887 F.Supp. 811, 813 (M.D.N.C. 1995). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

The duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. See Twombly, 550 U.S. at 555. In Twombly, the Court held the Rule 8 pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me-

2

accusation.  Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Iqbal, 556 U.S. at 678.

A plaintiff is not required to prove his case in the complaint; "[t]he requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his disposal at the outset."  Robertson v. Sea Pines Real Estate Cos., Inc., 679 F.3d 278, 291 (4th Cir. 2012); see also Bausch v. Stryker Corp., 630 F.3d 546, 561 (7th Cir. 2010) ("A plaintiff's pleading burden should be commensurate with the amount of information available to them."); Church v. Dana Kepner Co., Inc., No. 11-CV-02632-CMA-MEH, 2012 WL 4086517 (D. Colo. Sept. 16, 2012) ("To require otherwise—by demanding that Plaintiff prove or 'demonstrate' her claims at this point in the litigation—would be to move up the trial to the pleadings stage which, it should go without saying, the law does not permit.").

Cummins additionally asserts that plaintiff's false representation/fraud claim fails to satisfy the pleading standards under Federal Rule of Civil Procedure 9(b).  That rule provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Pro. 9(b).  The "'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1297, at 590 (2d ed. 1990)).  Rule 9(b) allows conclusory allegations of defendant's knowledge as to the true facts and of defendant's intent to deceive.  Id.

In testing the sufficiency of plaintiff's complaint under Rules 9(b) and 12(b)(6), the court has considered all of the allegations in the complaint and the attachment to the complaint. In that attachment, plaintiff asserts factual information about Mr. Miller's work experience and provides dates, occupations, employers and worksite locations, as well as a list of products containing asbestos to which he was allegedly exposed. Further, the circumstances constituting fraud are set forth in the complaint, including particularities alleged regarding fraudulent acts and omissions to conceal the dangers of asbestos exposure during Miller's employment, and at the worksites listed. These factual allegations sufficiently meet the applicable legal standards. Accordingly, plaintiff will be allowed to proceed with claims against Cummins.

Further, the co-defendants' cross-claims against Cummins are derivative of the claims asserted by plaintiff. As such, and because the court allows plaintiff's claims to proceed, the court will deny Cummins's motions to dismiss the cross-claims.

For the foregoing reasons, Cummins's motions to dismiss and motion for hearing are DENIED.

This 1 April 2013.

                                                W. Earl Britt
                                                Senior U.S. District Judge