UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-620-BR

JANE E. MILLER, individually and as )
personal representative of the Estate of )
Robert Wesley Miller, )
  )
    Plaintiff, )
  )
    v. ) ORDER
  )
3M COMPANY a/k/a Minnesota Mining & )
Manufacturing Company, et al., )
  )
    Defendants. )

This matter is before the court on: (1) defendants Blackmer Pump Company's ("Blackmer"), Dover Corporation's ("Dover"), Cummins, Inc.'s ("Cummins"), and AGCO Corporation's ("AGCO") motions to dismiss cross-claims, (DE ## 194, 195, 197, 208, 211-214); (2) defendants Blackmer's, Dover's, and Cummins' motions to dismiss for improper venue, (DE ## 229, 231, 233); and (3) defendant Hennessy Industries Inc.'s ("Hennessy") motion to dismiss plaintiff's loss of consortium claim, (DE #240).

I. BACKGROUND

Robert Wesley Miller, now deceased, and his wife, Jane E. Miller ("plaintiff") commenced this action on 21 September 2012, filing a complaint asserting claims against movants and others for negligence, breach of implied warranty, willful and wanton conduct, false representation/fraud, failure to warn, and loss of consortium, as a result of Mr. Miller's contracting an asbestos-related disease, mesothelioma, caused by his exposure to asbestos during the times of his employment from the 1950s to 1990.[1] (DE # 1.) Mr. Miller died on 9 November 2012 at the VA Medical Center, Durham, North Carolina. (DE # 168, Ex. A.) After Mr.

---

[1] Plaintiff asserts an additional claim for conspiracy against Metropolitan Life Insurance Company, Formosa Plastics Corporation U.S.A., J-M Manufacturing Company, and J-M A/C Pipe Corporation, demanding punitive damages.

Miller's death, plaintiff filed a motion to substitute herself as personal representative of Mr. Miller's estate and a motion to amend the complaint. (DE ## 168, 169.) Both motions were granted. (DE # 191). The amended complaint asserts the same claims as the original complaint with the addition of a claim for wrongful death. (DE # 193.)

## II. CROSS-CLAIMS

In their answers to plaintiff's original complaint, Eaton Corporation ("Eaton"), Warren Pumps, LLC ("Warren"), and IMO Industries, Inc. ("IMO") cross-claimed against all defendants, prompting the instant motions to dismiss the cross-claims. When Eaton and IMO subsequently answered plaintiff's amended complaint, they did not reassert their cross-claims. (See DE ## 260, 281.) On joint motion, Warren was recently dismissed as a defendant. (DE # 271.) Therefore, movants' motions to dismiss the cross-claims against Eaton, IMO, and Warren will be denied as moot.

## III. VENUE

"To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004) (citation omitted). Venue in this action is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in— (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, the pertinent venue issue in dispute is whether a "substantial part of the events or omissions giving rise to the claim occurred" in this district to satisfy § 1391(b)(2).

2

"Under [this] statute, it is possible for venue to be proper in more than one judicial district." Mitrano, 377 F.3d at 405 (citations omitted). Thus, the court does not consider whether the current venue is the "best venue." Setco Enters. Corp. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994). Rather, the court determines if there is a substantial connection between the venue and the plaintiff's claim. Id.

> [I]n determining whether events or omissions are sufficiently substantial to support venue under the [] statute, a court should not focus only on those matters that are in dispute or that led directly to the filing of the action. Rather, it should review "the entire sequence of events underlying the claim."

Mitrano, 377 F.3d at 405 (citations omitted).

Here, relying solely on the amended complaint, movants contend that Mr. Miller was exposed to asbestos in North Carolina for only one year out of a 40-year period of exposure, and therefore, substantially all of the events or omissions occurred elsewhere, namely Connecticut. (Mem., DE # 229-1, at 2, 5; see also Reply, DE # 273, at 3-4.) In response, plaintiff disagrees with movants' characterization of her allegations. (See Resp., DE # 268, at 3 n.1, 6.) Because neither party submitted any evidence in support of its position, the court is left to construe the relevant allegations in the amended complaint, and the court views those allegations in the light most favorable to the plaintiff, see Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012) ("In assessing whether there has been a prima facie venue showing, we view the facts in the light most favorable to the plaintiff." (citation omitted)).

Plaintiff alleges that Mr. Miller's exposure to asbestos occurred during his employment at the places and times identified in the schedule attached to the amended complaint. (Am. Compl., DE # 193, at 1-2.) According to that schedule, Mr. Miller was employed in Newtown, Connecticut in the 1950s until he served in the U.S. Navy from 1962-1964 in California and

3

onboard ships. (Id. at 20.) Mr. Miller then returned to Connecticut to work in various jobs into the 1980s. (Id.) His most recent employment was with Miller Trucking in both Newtown, Connecticut and Fayetteville, North Carolina from 1982-1990. (Id.)

The court does not read these allegations as narrowly as movants do. While the majority of Mr. Miller's roughly 40-year period of exposure to asbestos allegedly occurred in Connecticut, Mr. Miller was allegedly exposed to asbestos in this district for part of eight years. That period of exposure is not immaterial. The court finds that plaintiff has made a prima facie showing of venue, and the motions to dismiss for improper venue will be denied.

## IV. LOSS OF CONSORTIUM

Hennessy moves to dismiss plaintiff's claim for loss of consortium pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE # 240.) Hennessy and plaintiff have since stipulated to the dismissal without prejudice of that claim. (DE # 284.) However, that stipulation is not signed by all parties who have appeared to be effective under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). At any rate, the court agrees that dismissal of the claim is appropriate. See Keys v. Duke University, 435 S.E.2d 820, 822 (N.C. Ct. App. 1993) ("[B]y the plain language of the wrongful death statute, and in light of the statement made by our Supreme Court in *Nicholson*, [ ] the North Carolina wrongful death statute encompasses a claim for loss of consortium . . . ." (citing Nicholson v. Hugh Chatham Mem'l Hosp., Inc., 266 S.E.2d 818 (N.C. 1980))).

V. CONCLUSION

Accordingly, moving defendants' motions to dismiss cross-claims are DENIED as moot, moving defendants' motions to dismiss for improper venue are DENIED, and Hennessy's motion to dismiss plaintiff's loss of consortium claim is ALLOWED.

This 14 August 2013.

                                                                     W. Earl Britt

                                                                     Senior U.S. District Judge