IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00620-BR

JANE E. MILLER, Personal )
Representative of the Estate of Robert )
Wesley Miller, Deceased, )
  )
    Plaintiff, )
  )
    v. ) **ORDER**
  )
3M COMPANY a/k/a MINNESOTA )
MINING MANUFACTURING CO, et al., )
  )
    Defendants. )

    This matter is before the court on the motions for summary judgment of defendants Carlisle Industrial Brake & Friction, Parker-Hannifin Corporation, Caterpillar Inc., Dana Companies LLC, Goulds Pumps, Inc., ITT Corporation f/k/a ITT Industries, Inc., FMC Corporation, McNally Industries, Inc. (sued as McNally Industries, LLC), Pneumo Abex LLC, Crown Cork & Seal Company, Inc., Paccar, Inc., and Ingersoll Rand Company (collectively "movants"). (DE ## 390, 392, 398, 399, 401, 402, 405, 407, 409, 411, 413, 415.) Neither plaintiff nor any defendant has filed a response to any of these motions, and the time within which to do so has expired. For the reasons set forth in movants' motions/memoranda, namely, plaintiff has failed to come forward with sufficient evidence that the decedent, Robert Wesley Miller, was exposed to an asbestos-containing product for which any of the movants is liable, the motions are ALLOWED. See Jones v. Owens-Corning Fiberglass Corp., 69 F.3d 712, 716 (4th Cir. 1995) ("This Court has previously held that the plaintiff in a personal injury asbestos case 'must prove more than a casual or minimum contact with the product' containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" (quoting

Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986) (footnote omitted)); Yates v. Air & Liquid Sys. Corp., No. 5:12-CV-752-FL, 2014 WL 348301, at *4-5 (E.D.N.C. Jan. 31, 2014) (recognizing that asbestos-exposure torts arising from the plaintiff's service aboard U.S. Navy ships are governed by maritime law, which requires "a plaintiff to show 'for *each* defendant, that 1) he was exposed to the defendant's product, and 2) the product was a substantial factor in causing the injury he suffered.'" (quoting Lindstrom v. A–C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005) (emphasis in original)).[1] Plaintiff's claims against movants are DISMISSED WITH PREJUDICE. Additionally, all cross-claims against defendant Parker-Hannifin Corporation are DISMISSED WITH PREJUDICE.

This 8 July 2014.

                                                      W. Earl Britt
                                                      Senior U.S. District Judge

---

[1] The decedent in this case was employed for a period of time aboard U.S. Navy ships. (See Mem., Ex. C, DE # 416-3.)