IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-00620-BR

JANE E. MILLER, Personal )
Representative of the Estate of Robert )
Wesley Miller, Deceased, )
 )
    Plaintiff, )
 )
    v. )    **ORDER**
 )
3M COMPANY a/k/a MINNESOTA )
MINING MANUFACTURING CO, et al., )
 )
    Defendants. )

This matter is before the court on the motion for summary judgment of defendant Borgwarner Morse Tec, Inc. (DE # 403.) Plaintiff did not file a response to the motion, and the time within which to do so has expired. For the reasons set forth in the motion, namely, plaintiff has failed to come forward with sufficient evidence that the decedent, Robert Wesley Miller, was exposed to an asbestos-containing product for which the movant is liable, the motion is ALLOWED. See Jones v. Owens-Corning Fiberglass Corp., 69 F.3d 712, 716 (4th Cir. 1995) ("This Court has previously held that the plaintiff in a personal injury asbestos case 'must prove more than a casual or minimum contact with the product' containing asbestos in order to hold the manufacturer of that product liable. Instead, the plaintiff must present 'evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" (quoting Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986) (footnote omitted)); Yates v. Air & Liquid Sys. Corp., No. 5:12-CV-752-FL, 2014 WL 348301, at *4-5 (E.D.N.C. Jan. 31, 2014) (recognizing that asbestos-exposure torts arising from the plaintiff's service aboard U.S. Navy ships are governed by maritime law, which requires "a plaintiff to show 'for *each* defendant, that 1) he was exposed to the defendant's product, and 2) the

product was a substantial factor in causing the injury he suffered.'" (quoting Lindstrom v. A–C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005) (emphasis in original)).[1] Plaintiff's claims against defendant Borgwarner Morse Tec, Inc. are DISMISSED WITH PREJUDICE.

This 9 July 2014.

                                                            _____
                                                            W. Earl Britt
                                                            Senior U.S. District Judge

---

[1] The decedent in this case was employed for a period of time aboard U.S. Navy ships. (See Second Am. Compl., Sch. I, DE # 314.)

2

Case 5:12-cv-00620-BR   Document 427   Filed 07/09/14   Page 2 of 2